Clements, President of the Police Jury of the parish of Rapides, v. Biossat et als.

## No. 5059.

JOHN CLEMENTS, President of the Police Jury of the Parish of Rapides,
*v.* EUGENE R. BIOSSAT et als.

The plaintiff has sued Eugene R. Biossat, parish treasurer, and the sureties on his official bond for a certain amount of school funds, and has sought to enforce a legal mortgage for said amount against their property.

The suit being on the bond of the parish treasurer, the prescription of five years pleaded in this court is not applicable.

As the bond was recorded in the bond book, but not also in the mortgage book in the recorder's office of the parish of Rapides, it did not operate as a mortgage on the property of the defendants, the principal and the sureties on said official bond.

The delay of one, two and three months allowed to the delinquent parish treasurer, to pay over a certain amount of the school funds, was a mere indulgence, and it did not have the effect of discharging the sureties on his official bond, whose undertaking was to be security that he should account for and pay over all school funds coming into his hands as parish treasurer.

Besides, the school board had no authority to make a contract having directly or indirectly for its object the discharge of the sureties on the bond of the parish treasurer.

Furthermore, there was no consideration for the delay granted, and as a contract it was not obligatory.

The court *a qua* did not err in refusing the defendants to prove by parol that they were entitled to a credit of $278, by reason of a voucher showing the fact. The voucher was the best evidence and should have been produced.

There is no force in the objection that the official bond covered the acts of the treasurer only for two years. The funds in question came into the possession of Biossat while he was parish treasurer, and the sureties on his official bond are responsible on account of his failure to pay over the same, regardless of the fact whether his term of office has ceased or not. The conclusion is that the sureties are solidarily bound.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. *Robert P. Hunter,* District Attorney *pro tem.,* for plaintiff and appellant. *M. Ryan,* for Biossat. *T. C. Manning,* for sureties, defendants and appellees.

WYLY, J. The plaintiff sued Eugene R. Biossat, parish treasurer, and the sureties on his official bond, for $12,059 80, school funds, and sought to enforce a legal mortgage for said amount against their property. The court, however, refused to recognize the mortgage, rejected the demand against the sureties, and gave judgment against Biossat, the delinquent treasurer, for $1419 70. From this judgment the plaintiff appealed.

As the defendant, Biossat, has neither appealed nor joined in plaintiff's appeal, praying for a reduction of the judgment, his suggestion in his brief that there should be a further credit on the claim against him of $278, will not be noticed. The inquiry is not whether the judgment shall be reduced, but whether it shall be enlarged conformably to the pretensions of the appellant.

The suit being on the bond of the parish treasurer, the prescription of five years pleaded in this court is not applicable.

As the bond was recorded in the bond book, but not also in the mortgage book in the recorder's office of the parish of Rapides, it did

not operate as a mortgage on the property of the defendants, the principal and the sureties on said official bond.

The appellant concedes that the amount of the judgment ($1419 70) is all that is due him by Biossat, but he contends that the sureties on the bond should be condemned solidarily for said amount.

The sureties, however, insist that they are discharged from responsibility on the bond, because in the settlement of their principal with the school board in 1871 an extension of time was granted him to pay the balance found to be due, without their assent thereto. It appears that at the settlement in September, 1871, the board found there was a balance of $1687 10 due by Biossat, the treasurer, "which amount he agrees to pay over to the school board in three installments, on fifteenth October, November and December, 1871, the whole of which was accepted by the board."

We think this delay of one, two and three months allowed to the delinquent parish treasurer, was a mere indulgence, and it did not have the effect to discharge the sureties on his official bond, whose undertaking was to be security that Biossat would account for and pay over all school funds coming into his hands as parish treasurer. Besides, the school board had no authority to make a contract having directly or indirectly for its object the discharge of the sureties on the bond of the parish treasurer; they had authority to collect the school fund from him, but while the fund remained in his hands the school board could not exonerate from responsibility on account thereof either the treasurer or his sureties.

Furthermore, it will be observed there was no consideration for the delay granted, and as a contract it was not obligatory. We think the court did not err in refusing the defendants to prove by parol that they were entitled to a credit of $278, by reason of a voucher showing the fact. The voucher was the best evidence. The bill of exceptions to this ruling was not well taken.

There is no force in the objection that the official bond covered the acts of the treasurer only for two years. The funds in question came into the possession of Biossat while he was parish treasurer, and the sureties on his official bond are responsible on account of his failure to pay over the same, regardless of the fact whether his term of office has ceased or not. Our conclusion is that the sureties are solidarily bound.

It is therefore ordered that judgment herein be amended so as to condemn the sureties, Louis E. Texada, Joseph W. Texada and James R. Andrews *in solido*, for the amount of the judgment herein rendered against the defendant, Eugene R. Biossat, and as thus amended let the judgment appealed from be affirmed, appellees paying costs of appeal.

Rehearing refused.